IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE MUSHROOM COMPANY | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 12-CV-03772 JKB |
| WHITE MARSH TRANSPORT, INC., *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO COMPLAINT

COMES NOW Defendant, White Marsh Transport, Inc. ("White Marsh"), by and through its undersigned counsel, Colin Bell and Franklin & Prokopik, P.C., and in response to the Complaint filed by Plaintiff in the above-captioned matter, states as follows:

### First Defense

The Complaint fails to state a cause of action upon which relief may be granted.

### Second Defense

There is no basis for awarding damages against White Marsh under the facts and circumstances as set out in the Complaint.

### Third Defense

White Marsh specifically denies that it breached any duty, obligation or contract to/with Plaintiff.

### Fourth Defense

Plaintiff's claims a pre-empted by federal law.

### Fifth Defense

Plaintiff's claims against this Party are precluded pursuant to contract and/or law or statute

### Sixth Defense

Plaintiff's damages are limited pursuant to contract and/or law or statute.

### Seventh Defense

Pursuant to Federal Rule of Civil Procedure 8(b)(3) White Marsh generally denies all allegations in the Complaint except those specifically admitted as follows:

1. White Marsh lacks knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 1 of the Complaint as to Plaintiff's principal place of business, but on information and belief these are true and so admitted.

2. Admitted.

3. White Marsh lacks knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 3 of the Complaint as to Co-Defendant, Unsworth Transport International, Inc., but White Marsh has no basis to dispute these averments.

4-5. Paragraphs 4 and 5 of the Complaint reference state court jurisdiction and venue which are moot given the removal to this Honorable Court.

6-9. White Marsh lacks knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraphs 6 through 9 of the Complaint but to the extent that any response is required, on information and belief it is true that the goods in question were shipped from Sweden to the Port of Baltimore, otherwise all further averments and allegations are denied.

10. White Marsh lacks knowledge or information as to the relationship between Unsworth and Plaintiff and in regard to who arranged what and on whose behalf. It is admitted that Unsworth arranged for White Marsh to transport both a tunnel freezer unit and a container of component parts from the Port of

Baltimore to Plaintiff's place of business in Cambridge, Maryland.

11. Admitted.

12. White Marsh lacks knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 12 of the Complaint but to the extent that any response is required all such averments and allegations are denied.

13-14. White Marsh lacks knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraphs 13 and 14 as to how, when and what information Plaintiff obtained in regard to cargo insurance of White Marsh and/or how, when and what information Plaintiff obtained as to any communications between Unsworth and White Marsh, whether in regard to insurance or otherwise and to the extent that any response is required, it is true that White Marsh had in place a cargo insurance policy with a limit of $250,000.00, otherwise all further averments and allegations are denied.

15. The averments in Paragraph 15 of the Complaint merely incorporate earlier paragraphs and no response is possible or required.

16-20. The averments in Paragraph 16 through 20 of the Complaint simply make legal conclusions to which no response is appropriate, but to the extent any response is required, denied.

21. The averments in Paragraph 21 of the Complaint merely incorporate earlier paragraphs and no response is possible or required.

22-27. The averments in Paragraphs 22 through 27 of the Complaint relate to Co-Defendant, Unsworth, and not White Marsh and also simply make legal conclusions, such that no response is appropriate from White Marsh, but to the extent any response is required, denied.

WHEREFORE Defendant, White Marsh Transport, Inc., respectfully requests that this case be dismissed, that judgment be rendered in favor of Defendant, White Marsh Transport, Inc., that Defendant, White Marsh Transport, Inc. be released from this action and that appropriate costs and attorneys fees be awarded to Defendant, White Marsh Transport, Inc. and that this Court award such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/
Colin Bell (#26855)
Franklin & Prokopik, P.C.
The B & O Building
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
Tel.: (410) 230-3604
Fax.: (410) 752-6868
cbell@fandpnet.com
*Attorneys for Defendant, White Marsh Transport, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of December 2012, a copy of the foregoing Answer of Defendant, White Marsh Transport, Inc., to Plaintiff's Complaint was sent via ECF delivery and by first class mail, postage pre-paid, to: Matthew S. Sturtz, Esquire, and Demetrios G. Kaouris, Esquire, Miles & Stockbridge, P.C., 1 W. Pennsylvania Avenue, Suite 900, Towson, Maryland 21204 and 101 Bay Street, Easton, Maryland 21601 *Attorneys for Plaintiff*; and by first-class mail, postage pre-paid, to Kristine A. Crosswhite, Esquire, Crosswhite, Limbrick & Sinclair, LLP, 25 Hooks Lane, Suite 310, Pikesville, Maryland 21208, *Attorneys for Co-Defendant, Unsworth Transport International, Inc.*

/s/
Colin Bell